UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMIE ROSENQUIST,

                Petitioner/Defendant,                No. 16-20470

v.                                        Honorable Nancy G. Edmunds

UNITED STATES OF AMERICA,

                Respondent/Plaintiff.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C.
§ 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE [28] AND DENYING
MOTIONS FOR APPOINTMENT OF COUNSEL [39, 40]**

This matter comes before the Court on Petitioner/Defendant Jamie Rosenquist's

(Defendant) pro se "motion to reverse conviction under 28 U.S.C. 2255 pursuant to recent

Supreme Court ruling and First Step Act."  (ECF No. 28.)  The government opposed the

motion in a timely response[1].  (ECF No. 33.)  Defendant filed two replies.  (ECF Nos. 34,

37.)  Defendant also requests appointment of counsel.  (ECF Nos. 39, 40.)

After reviewing the briefs and materials submitted by the parties and the entire

record in this case, the Court finds an evidentiary hearing is not needed because "the

record conclusively shows that the petitioner is entitled to no relief."  *See Valentine v.*

*United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quotation marks and citation omitted).

---

[1] The government's response to Defendant's § 2255 motion was timely filed with this
Court on October 30, 2019, as set forth in the Court's December 22, 2021 order at
ECF No. 41.

For the reasons set forth below, the Court DENIES Defendant's § 2255 motion and DENIES his motions for the appointment of counsel.

## I.    Background

Defendant pleaded guilty on October 19, 2016, to Counts 2 and 4 of the indictment, which are charges of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).   (Plea Agr., ECF No. 22.)   The factual basis for Defendant's guilty plea is set forth in the Rule 11 agreement.   On June 13, 2016, Defendant brandished a handgun at a Citizens Bank in Detroit, Michigan, to demand money.  He stole $6,401 before fleeing. (ECF Nos. 22, 23.)  On June 14, 2016, Defendant brandished a handgun at a Bank of America in Detroit, Michigan, to demand money.  He stole $4,200 before fleeing.  (ECF No. 22, 23, PageID.86-87.)

On February 22, 2017, he was sentenced to 84 months on Count 2 and 300 months on Count 4, to run consecutively, for a total of 384 months.   (ECF No. 26.) Defendant was further sentenced to 36 months of supervised release on each count, to run concurrent, upon release from prison.  (ECF No. 26, PageID.116.)  Defendant did not file a direct appeal.

## II.    Standard of Review

Under 28 U.S.C. § 2255(a), "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."  To prevail on a § 2255 motion, the petitioner must allege:   "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental

as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (quotation marks and citation omitted); *see also Anderson v. United States*, 246 F. Supp. 2d 758, 760 (E.D. Mich. 2003).

## III.   Analysis

### A.   Defendant's § 2255 Motion

Defendant claims as grounds for relief the Supreme Court's ruling in *United States v. Davis*, 139 S. Ct. 2319 (2019), finding that the residual clause of 18 U.S.C. 924(c) is unconstitutionally vague, and the First Step Act's application to § 924(c).

#### i.   Timeliness of Defendant's Motion

28 U.S.C. § 2255 allows a prisoner in custody under sentence of a federal court to "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Petitioner generally has one year following the judgment of conviction in which to bring such a motion.

> (f) A 1-year period of limitation shall apply to a motion under [section 2255]. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

There is no evidence that Petitioner took a direct appeal from his conviction and sentence. Petitioner's § 2255 motion was filed more than two years after entry of the February 22, 2017 judgment in this case. (ECF No. 26.)   Defendant argues that the Supreme Court's 2019 decision in *United States v. Davis* applies to his case and therefore his motion filed on August 13, 2019, is timely.

## ii.   *Davis*

Defendant asks the Court to vacate his conviction under 18 U.S.C. § 924(c) because the Supreme Court invalidated § 924(c)(3)(B) as unconstitutionally vague in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).   He argues that he is "factually innocent as his conduct under the 924(c) conviction is no longer held as criminal and or a crime of violence."   (ECF No. 28, PageID.153-54.)   The government argues that Defendant is not entitled to relief under *Davis*.

Under § 924(c), it is a federal crime to use, carry, brandish or discharge a firearm during and in relation to a crime of violence.  The statute defines "crime of violence" as an offense that is a felony and

(A)     has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

4

(B)     that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  Subsection (A) is known as the "elements clause," and subsection (B) is known as the "residual clause." *See Davis*, 139 S.Ct. at 2324.  In *Davis*, the predicate crime of violence being considered was conspiracy to commit Hobbs Act robbery.  *Id.* at 2325.  The Supreme Court held that conspiracy to commit robbery falls under the residual clause of the statute.  *Id.* at 2336.  While *Davis* invalidated § 924(c)'s residual clause as unconstitutionally vague, it left intact § 924(c)'s elements clause.  *See id.*; *see also United States v. Richardson*, 948 F.3d 733, 741 (6th Cir. 2020) ("*Davis* does not gut the entire statute. To the contrary, *Davis* leaves intact a separate definition of crime of violence supplied by the statute's 'elements clause.'")  Thus, a conviction under § 924(c) remains valid if the predicate offense is a crime of violence under the elements clause.

Here, the underlying predicate crime is federal bank robbery, 18 U.S.C. § 2113(a), as alleged in counts one and three of the indictment, not conspiracy to commit bank robbery.  (See ECF No. 11, PageID.16, 18.)  The Sixth Circuit has recognized that "[a] necessary element of bank robbery is the use of 'force and violence' or 'intimidation.'" *United States v. Henry*, 722 Fed. Appx. 496, 500 (6th Cir. 2018).  Armed bank robberies under 18 U.S.C. § 2113 qualify as crimes of violence under the elements clause of § 924(c)(3)(A). *Davis* has no impact on Defendant's case and his conviction is valid under § 924(c).

To the extent Defendant attempts to argue that the Court could not impose sentence for the two 924(c) convictions without convictions on the predicate offenses, the argument fails. "[W]hile it is necessary for the government to present proof of the underlying crime to convict under § 924(c), a defendant need not be convicted or even charged with the underlying crime to be convicted under § 924(c)." *United States v. Nelson*, 27 F.3d 199, 200 (6th Cir. 1994). Defendant admitted to the underlying robberies when he pleaded guilty. (ECF Nos. 22, 23, 25.) Defendant is not entitled to relief on this claim.

### iii.    Whether the First Step Act Applies

Defendant also argues for relief pursuant to the First Step Act of 2018, Pub. L. No.115-391, § 403, 132 Stat. 5194 (2018), for the stacking of his two § 924(c) convictions. Defendant admits that the First Step Act provides that this section is not to be applied retroactively yet argues that this claim is preserved under the plea agreement, and pursuant to *Richardson v. United States*, 139 S. Ct. 2713 (2019) (remanding to the Sixth Circuit; Sixth Circuit case discussed *infra*). The government points out that "[t]he parties did agree that if Congress changed the penalties, 'and they are made retroactive,' that Defendant could make a challenge."[2] (ECF No. 33, PageID.172.)

Section 403 of the First Step Act modifies the consecutive sentence required for certain offenses under 18 U.S.C. § 924(c). When Defendant was sentenced in 2017,

---

[2] At the plea hearing, Defendant's counsel stated on the record, "I've spoken to the Assistant U.S. Attorney, . . . and we are reserving our right, if the penalties for 18 U.S.C. 924(c) are changed by congress in the future and they are made retroactive, we will be allowed to petition the Court to reduce the sentence." (Plea Hearing Tr., ECF No. 23, PageID.84.)

"any [second or] subsequent 924(c) conviction [was] punishable by a statutory mandatory sentence of twenty-five years to run consecutively with any other counts of conviction." *United States v. Ervin*, 266 Fed. Appx. 428, 435 (6th Cir. 2008).  Section 403 of the First Step Action "amended 924(c)(1)(C) to allow stacking only where a prior conviction was final." *Richmond v. Burnhart*, 2019 WL 2127304, at *3 (E.D. Ky. May 15, 2019).  Section 403 of the First Step Act provides that "[t]his section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." First Step Act of 2018, Pub. L. No.115-391, § 403, 132 Stat. 5194, 5222 (2018).

The date of enactment of the First Step Act was December 21, 2018, approximately 22 months after Defendant was sentenced on February 22, 2017. "Defendants sentenced after December 21, 2018, may benefit from Congress's amendment to § 924(c), but defendants sentenced before that date cannot." *United States v. Richardson*, 948 F.3d 733, 748 (6th Cir. 2020); *see also United States v. Henry*, 983 F.3d 214, 219 (6th Cir. 2020) ("[T]he First Step Act extended § 403(a) to defendants whose sentences had 'not been imposed as of such date of enactment.'); and *United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019) (the Sixth Circuit interpreted a provision of the First Step Act identical to the one at issue here, and the Court adopted the same interpretation: Section 401 limited this change to cases in which the "sentence for the offense has not been imposed as of [the] date of enactment.").  Defendant is not entitled to relief on this claim either.

7

### B.    Defendant's Request for Counsel

Defendant made a general request for appointment of counsel well after filing his § 2255 motion and his replies.  He asks the Court to appoint counsel to "represent [him] on [his] appeal."  (ECF Nos. 39, 40, it appears the same request was docketed twice.) Prisoners mounting collateral attacks upon their convictions do not have an absolute right to counsel.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).   And while the Court has the discretion to appoint counsel if "the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B), some of the factors the Court "consider[s] when making the decision to appoint counsel include the viability or frivolity of the indigent's claims, the nature and complexity of the case, and the indigent's ability to present the case," *Sellers v. United States*, 316 F. Supp. 2d 516, 522 (E.D. Mich. 2004) (citations omitted).  Here, Defendant's claim lacks merit, the nature of his claim is not complex, and he has demonstrated an ability to present his § 2255 motion.   Because the relevant factors weigh against the appointment of counsel, Defendant's motions for the appointment of counsel are denied.

## IV.    Certificate of Appealability

Federal Rule of Appellate Procedure 22(b) provides that a petitioner cannot take an appeal in a § 2255 proceeding unless a certificate of appealability is issued under 28 U.S.C. § 2253(c).  Rule 11 of the Rules Governing Section 2255 Proceedings requires that a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  To receive a certificate of appealability, "a petitioner must sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented

were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation marks and citation omitted).  Because Defendant has not shown that reasonable jurists could debate whether his petition should have been resolved in a different matter, the Court denies him a certificate of appealability.

**V.    Conclusion**

Based on the foregoing, it is ordered that Defendant's § 2255 motion is DENIED WITH PREJUDICE.  It is further ordered that a certificate of appealability is DENIED.  It is also ordered that Defendant's motions for counsel (ECF Nos. 39, 40) are DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 6, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record and Defendant on January 6, 2022, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager